**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LAURA RAY PURINTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 12-2040-CM |
| | ) |
| **EPIC LANDSCAPE PRODUCTIONS, L.C.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel an answer to an interrogatory and production of documents. (Doc. 23). For the reasons set forth below, the motion, shall be **GRANTED WITH CLARIFICATION.**

### Background

This is an action against plaintiff's former employer for violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. Highly summarized, in late December 2010 plaintiff requested and was granted six weeks leave to recover from surgery related to appendicitis. Upon her return to work on January 31, 2011, plaintiff learned: (1) she had been "written up" for alleged errors, some of which had occurred a year earlier and (2) that defendant had hired a full-time employee to replace her. On February 11, 2011, plaintiff was fired. Plaintiff alleges that defendant retaliated against her for taking FMLA

leave.

Defendant denies that it retaliated against plaintiff for taking FMLA leave and argues that plaintiff had been previously disciplined for frequent phone calls, texting, excessive visiting, and a negative attitude. Defendant contends that this poor performance continued after plaintiff returned from her FMLA leave and that plaintiff was terminated for legitimate reasons.

## Motion to Compel

Plaintiff moves to compel defendant to provide a complete answer to Interrogatory No. 13 and the production of documents responsive to Production Request Nos. 5 and 22. Defendant contends that the discovery requests are overly broad and unduly burdensome and that relevant information has been provided. The discovery requests are discussed in greater detail below.

**Interrogatory No. 13 and Production Request No. 5**

Interrogatory No. 13 originally asked defendant whether any other employees have been terminated or disciplined within the previous three years for the same or similar reasons given for plaintiff's termination. Production Request No. 5 is closely related and requests the personnel files for the employees defendant terminated for the same or similar reasons given for plaintiff's termination during the last three years. Defendant objects to the two discovery requests, arguing that the requests are not limited to "similarly situated" employees

and are overly broad.

The court conducted a status conference on September 26, 2012 to discuss the motion to compel and the nature of defendant's objections. Following the conference, plaintiff narrowed Interrogatory No. 13 and Production Request No. 5 to clarify that plaintiff only seeks documents concerning employees "employed as office personnel, as opposed to field workers within the three years preceding the filing of her amended complaint." (Supplemental Memorandum, Doc. 34). Additionally, plaintiff only seeks information concerning the employee violations described in her termination notice— "excessive personal phone calls, multiple 'Clip' mistakes, poor attitude, lack of respect for supervisor." Id. The court is satisfied that the narrowed requests seek relevant information concerning "similarly situated" employees; therefore, defendant's objections to discovery are rejected and the motion to compel amended Interrogatory No. 13 and amended Production Request No. 5 shall be GRANTED.

**Production Request No. 22**

Production Request No. 22 seeks "any and all" documents in which defendant or its representatives discussed the termination of plaintiff. Defendant objects that the phrase "any and all" is overly broad, unduly burdensome, vague, and includes materials protected by the attorney client privilege. With respect to the claim of attorney client privilege, plaintiff concedes that she does not seek the one document listed on defendant's privilege log and this objection is moot. With respect to the remaining objections, the court is not persuaded that

the production request is vague, overly broad, or unduly burdensome.  Production Request No. 22 seeks documents relevant to plaintiff's claim of wrongful termination; therefore, her motion to compel Production Request No. 22 shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 23)** is GRANTED, consistent with the rulings herein.  Defendant shall provide responses to the interrogatory and production requests on or before **October 25, 2012.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of October 2012.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge